Opinion filed August 15, 2024



In The

# Eleventh Court of Appeals

_____

## Nos. 11-23-00195-CR & 11-23-00196-CR

_____

## HECTOR FLOREZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**
**Midland County, Texas**
**Trial Court Cause Nos. CR43113 & CR43110**

### M E M O R A N D U M   O P I N I O N

Appellant, Hector Florez, pleaded guilty to the offenses of tampering with physical evidence, a third-degree felony (trial court cause no. 43110), and possession of a controlled substance in an amount by aggregate weight of less than one gram, a state jail felony (trial court cause no. 43113). *See* TEX. PENAL CODE ANN. § 37.09(a)(1), (c) (West Supp. 2023); TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West Supp. 2023). Pursuant to the parties' negotiated plea

agreement, the trial court deferred a finding of guilt in each case and placed Appellant on deferred adjudication community supervision for four years. After Appellant's guilt was adjudicated and his community supervision was modified in both cases, the State subsequently filed motions to revoke his community supervision.

On August 17, 2023, the trial court held a hearing on the State's motions. Upon the conclusion of the hearing, the trial court found the violations alleged in the State's motions to be "true," revoked Appellant's community supervision in each case, and sentenced Appellant to (1) imprisonment in the Institutional Division of the Texas Department of Criminal Justice for two years in trial court cause no. 43110 and (2) confinement in the State Jail Division of the Texas Department of Criminal Justice for two years in trial court cause no. 43113. The trial court further assessed delinquent fines, attorney's fees, costs, and restitution against Appellant in the cumulative amount of $7,615—$4,551.50 in trial court cause no. 43110 and $3,063.50 in trial court cause no. 43113.

In a single issue, Appellant contends that the trial court erred when it assessed the above delinquent fines, attorney's fees, costs, and restitution against him without first inquiring on the record, after Appellant was sentenced in each case, as to whether Appellant had the financial ability to immediately pay these amounts, as required by Article 42.15(a-1) of the Texas Code of Criminal Procedure. Appellant requests that we remand these causes so that the trial court can perform the appropriate "ability to pay" inquiry. *See* TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1) (West Supp. 2023). The State agrees that a remand is necessary. Accordingly, we affirm in part, and we reverse and remand in part.

## I. *The Ability-To-Pay Inquiry*

Article 42.15(a-1) of the Texas Code of Criminal Procedure reads, in pertinent part:

2

> Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case . . . a court shall inquire on the record whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs.

*Id.* Here, there were no pronouncements by the trial court at the revocation hearing, nor are there any recitations in its revocation judgments, ordering that the delinquent fines, attorney's fees, costs, and restitution be assessed against Appellant in each case as a result of the trial court's post-sentencing "ability to pay" inquiries and determinations. In some circumstances, the trial court is able to remedy its failure to act. *See* TEX. R. APP. P. 44.4(a). "This rule allows for the creation of a new record on remand in certain situations." *Sloan v. State*, 676 S.W.3d 240, 241 (Tex. App.—Tyler 2023, no pet.) (citing *LaPointe v. State*, 225 S.W.3d 513, 522 (Tex. Crim. App. 2007)).

We recently addressed the same argument that Appellant now advances. *See Polanco v. State*, 690 S.W.3d 421, 433–35 (Tex. App.—Eastland 2024, no pet.); *see also Calicutt v. State*, No. 11-22-00295-CR, 2024 WL 3528145, at *2–3 (Tex. App.—Eastland July 25, 2024, no pet. h.) (mem. op., not designated for publication). In *Polanco* and *Calicutt*, the trial court failed to conduct the "on-the-record" inquiry as mandated by Article 42.15(a-1); however, the record showed that the result of an "ability to pay" inquiry, even if it had occurred, was already apparent. *Polanco*, 690 S.W.3d at 433–35; *Calicutt*, 2024 WL 3528145, at *2–3. Specifically, the trial court's judgments recited that "[u]pon release from confinement, the Court ORDERS Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due." As such, the trial court ordered the appellants to pay the assessed fines and costs *after* their release from imprisonment, rather than immediately. *Polanco*, 690 S.W.3d at 434; *Calicutt*, 2024 WL 3528145, at *1; *see* CRIM. PROC.

art. 42.15(a-1)(1) ("If the court determines that the defendant does not have sufficient resources or income to immediately pay all or part of the fine[s] and costs, the court shall determine whether the fine and costs should be . . . required to be paid at some later date."). Thus, despite the trial court's failure to "inquire on the record" about the appellants' ability to *immediately* pay the assessed fines and costs, we concluded that, based on the recitations in the trial court's judgments, it must have determined that the appellants did not have sufficient resources or income to *immediately* pay all or part of them. *Polanco*, 690 S.W.3d at 434–35; *Calicutt*, 2024 WL 3528145, at *2.

The circumstances in the cases now before us are distinguishable from the circumstances in *Polanco* and *Calicutt*. Here, the trial court did not conduct an "ability to pay" inquiry in either case and its judgments, unlike in *Polanco* and *Calicutt*, do not contain any "payment after release" or similar recitations. Therefore, because the necessary "ability to pay" inquiries and determinations were not made on the record after Appellant was sentenced in these cases and because such determinations do not appear in the trial court's revocation judgments or on the face of the record, we agree with the parties that a remand is required. Upon remand, the trial court will be able to address and correct its inadvertent oversight.[1] Accordingly, Appellant's sole issue on appeal is sustained.[2]

---

[1]In this regard, we express no opinion as to whether the delinquent fines, attorney's fees, costs, and restitution were improperly assessed or if Appellant is responsible for the payment of same. *See Gates v. State*, No. 02-23-00004-CR, 2024 WL 482436, at *5 (Tex. App.—Fort Worth Feb. 8, 2024, no pet.) (mem. op., not designated for publication) (collecting cases); *Amparan v. State*, No. 11-21-00162-CR, 2022 WL 17684377, at *4 (Tex. App.—Eastland Dec. 15, 2022, no pet.) (mem. op., not designated for publication).

[2]Even if the trial court had made "pay later" determinations, if, upon his release, Appellant is unable to pay the assessed fines, attorney's fees, costs, and restitution, he would be able to seek relief from the trial court at that time. *See* CRIM. PROC. art. 43.035(a), (c) (If the defendant notifies the trial court that he has difficulty paying the assessed costs in compliance with the trial court's judgment, the trial court shall hold a hearing to determine whether that portion of the judgment imposes an undue hardship on the defendant; and, at the hearing, if it determines that such an undue hardship exists, the trial court shall consider whether the assessed costs should be satisfied through one or more of the methods listed under Article 42.15(a-1).).

## II. *This Court's Ruling*

For the reasons stated above, we affirm in part, and we reverse and remand in part. We reverse the trial court's revocation judgments insofar as the trial court assessed delinquent fines, attorney's fees, costs, and restitution against Appellant, and we affirm the trial court's revocation judgments in all other respects. We remand these causes to the trial court for the limited purpose(s) of performing the "ability to pay" inquiries and, if necessary, modifying its revocation judgments.

W. STACY TROTTER

JUSTICE

August 15, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

Further, the trial court retains jurisdiction over a defendant's case for the purposes of making such a determination. *See id.* art. 43.035(e).